UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **CHRISTOPHER EARL PEEK**, <br><br> Plaintiff, <br><br> v. <br><br> **SUNTRUST BANK, INC.** *et al.*, <br><br> Defendants. | Case No. 17-cv-2536 (CRC) |

## MEMORANDUM OPINION

Christopher Peek brought suit against SunTrust Bank, Inc., raising a variety of statutory and common law claims related to a purported agreement to modify a mortgage loan. Because Peek previously brought suit against SunTrust Bank's wholly-owned subsidiary in the U.S. District Court for the Eastern District of Virginia, the bank has moved to dismiss Peek's suit as barred by res judicata. The Court agrees that res judicata applies and will grant SunTrust Bank's motion.

**I. Background**

A. Factual Background

The Court draws the following factual background from the complaint, taking as true all well-pled factual allegations as it must on a motion to dismiss. See, e.g., Warren v. District of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004). In 2008, Plaintiff Christopher Earl Peek obtained a mortgage loan from SunTrust Mortgage, Inc. secured by his residence in Washington, D.C. See Compl. at 2, ¶¶ 4, 8. In late 2015, after suffering some economic hardships, Peek applied for modification of this loan. See id. at 2–3.

By January 2016, Peek was under the impression that he and SunTrust Mortgage had "entered into [a] repayment modification agreement[]." Id. ¶ 13. According to Peek, that

agreement involved a three-month trial payment plan. Id. at 3. But when Peek attempted to make these trial payments, SunTrust Mortgage erroneously returned them. Id. ¶¶ 16-39. After some continued communication, in June 2016 SunTrust Mortgage accepted the last of the three payments. Id. ¶ 30. On June 2, 2016, it notified Peek that the trial modification period had concluded and that he would receive final documents during the next 30 days. Id. ¶ 40. A few months later, however, SunTrust Mortgage changed course: on November 4, 2016 it initiated foreclosure proceedings in the Superior Court of the District of Columbia. See id. ¶¶ 29.[1]

B. Peek's Prior Civil Action in the Eastern District of Virginia

Less than one week later, on November 10, 2016, Peek filed a civil complaint in the United States District Court for the Eastern District of Virginia ("the Virginia action") against SunTrust Mortgage alleging violations of the Real Estate Settlement Practices Act, the Equal Credit Opportunity Act, Titles VI and VII of the Civil Rights Act of 1964, and the Fifth Amendment to the United States Constitution, as well as a claim for breach of contract. See generally Def.'s Reply Mem. Support Mot. Dismiss, Ex. 1 (Complaint, Peek v. SunTrust Bank Mortgage, Inc., No. 1:16-cv-01415 (E.D. Va. Nov. 10, 2016)). He demanded a declaratory judgment and monetary damages. Id.

In response, SunTrust Mortgage moved to dismiss the complaint under Rule 12(b)(6), arguing that it failed to state a claim upon which relief can be granted. The district court granted the motion. See Peek v. SunTrust Mortgage, Inc., 2017 WL 3258729, at *5 (E.D. Va. Feb. 15, 2017). It held that "whatever merits claims plaintiff may have regarding SunTrust's disposition of his mortgage must be litigated in the foreclosure proceeding in D.C. Superior Court," and so

---

[1] SunTrust Mortgage, Inc. v. Peek, No. 2016 CA 008117 R(RP) (D.C. Super. Ct.).

2

resolution by declaratory judgment would be inappropriate. Id. at *2. In addition, the court stated that Peek failed to plead the necessary elements for his various claims, such as identifying "a federally-financed program from which he sought and was denied benefits" as required for Title VI or an employment relationship between the parties as required for Title VII. Id. at *3–4. In all, the district court concluded that "none of plaintiff's claims states a cognizable cause of action or seeks an appropriate form of relief." Id. at *4. Peek appealed the district court's order to the United States Court of Appeals for the Fourth Circuit, which affirmed in an unpublished per curiam decision. See Peek v. SunTrust Bank Mortgage, Inc., 693 F. App'x 231, 232 (per curiam) (4th Cir. 2017).

    C.  The Present Suit

After the Fourth Circuit's ruling on appeal, in November 2017, Peek filed suit in this Court, this time against SunTrust Bank, Inc. As in the Virginia action, his complaint revolves around the alleged loan modification agreement. Compl. at 2–4. He alleges that as a result of SunTrust Bank's actions, he has sustained various harms, including "a decline in credit score," id.¶ 79, the inability to "secure a refinancing of the SunTrust loan," id., and difficulty in securing "employment due to the derogatory credit ratings," id.¶ 83. He claims that SunTrust violated the Real Estate Settlement Practices Act, the Equal Credit Opportunity Act, and the Fair Credit Reporting Act, and also asserts fraud and breach of contract claims. Peek again seeks a declaratory judgment, id. ¶ 52–54, and monetary damages, id. ¶¶ 69, 81, 84-87.

Following service, SunTrust Bank filed a motion to dismiss, arguing primarily that Peek's suit is barred by res judicata in light of the Virginia action.[2] The Court agrees, and will dismiss this case with prejudice.

## II. Legal Standards

A complaint survives a Rule 12(b)(6) motion if it provides "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "gives the defendant fair notice of what the claim is and the grounds on which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). Courts must construe complaints in a light most favorable to plaintiffs and "assume the truth of all well-pleaded allegations." Warren, 353 F.3d at 39. The Court's consideration is limited to "the facts alleged in the complaint [and] documents either attached to or incorporated in the complaint," EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997), and matters of which court may take judicial notice, see Covad Commc'ns Co. v. Bell Atl. Corp., 407 F.3d 1220, 1222 (D.C. Cir. 2005).

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." U.S. Indus., Inc. v. Blake Constr. Co., Inc., 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Res judicata (or claim preclusion) "holds that 'a judgment on the merits in a prior suit bars a second suit involving the same parties . . . based on the same cause of action.'" Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979)); see also I.A.M.

---

[2] Peek also brought suit against BWW Law Group, LLC, which has moved for dismissal of the claims against it. Since BWW Law Group is not mentioned in the "Parties" section of the pleading and the complaint sets forth no factual allegations regarding it, the Court will dismiss BWW Law Group, LLC as a party defendant.

4

Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that res judicata "forecloses all that which might have been litigated previously"). In other words, res judicata will bar a plaintiff's claim in a latter suit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted).

### III. Analysis

Applying the four requirements for res judicata, the first question is whether this case and the Virginia action raise "claim[s] based on the same nucleus of facts." Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal quotation marks and citations omitted). Two claims need not be "literally identical claims for res judicata to apply." Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP, 574 F. Supp. 2d 143, 149 (D.D.C. 2008), aff'd sub nom. Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485 (D.C. Cir. 2009). Rather, "the facts surrounding the transaction or occurrence . . . operate to constitute the cause of action, not the legal theory upon which a litigant relies." Page, 729 F.2d at 820 (citations omitted).

It is apparent that the complaints filed in this case and in the Virginia action share the same nucleus of facts. Even a cursory review of the two complaints reveals that the factual allegations set forth in the complaints are practically identical. Although the present complaint purports to add new counts and to rephrase some statutory claims, both cases arise from Peek's request for loan modification, SunTrust's alleged mishandling of his payments during the three-month trial modification period, SunTrust's alleged refusal to enter into a permanent loan

5

modification agreement, and the commencement of foreclosure proceedings against Peek. Thus, the first requirement for res judicata is satisfied.

The second question is whether the two cases are between the same parties or their privies. The Court concludes yes. Peek is the plaintiff in both cases, and the defendants in the two cases are in privity. "A privy is one so identified in interest with a party to the former litigation that he or she [or it] represents precisely the same legal right in respect to the subject matter of the case." Smith v. Jenkins, 562 A.2d 610, 615 (D.C. 1989) (citing Jefferson School of Social Science v. Subversive Activities Control Board, 331 F.2d 76, 83 (D.C. Cir. 1963)). Given SunTrust Mortgage, Inc.'s status as a wholly-owned subsidiary of SunTrust Bank, see Def. SunTrust Mortgage, Inc.'s Corporate Disclosure Statement, ECF No. 8, and Peek's acknowledgment that SunTrust Bank "operates" SunTrust Mortgage, Inc., Compl. ¶ 4, it is apparent that the two entities are in privity with each other. See, e.g., Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995) (concluding that parent company that controlled wholly-owned subsidiary was in privity with that subsidiary for purposes of res judicata). Thus, the second requirement for res judicata is also met.

This leaves the third and final requirement: that there be a final, valid judgment on the merits.[3] Peek "sharply disagrees" that the Virginia action adjudicated the merits of his prior complaint, see Am. Reply Defs.' Mot. Dismiss ("Pl.'s Opp'n") at 9. According to him, the district court's order in that case "dismiss[ed] the complaint on the basis of the sufficiency and completeness of the pleadings and not on the merits of the claim." Id. His request to the Fourth

---

[3] The U.S. District Court for the Eastern District of Virginia is clearly a court of competent jurisdiction to resolve Peek's claims, and Peek makes no argument to the contrary.

6

Circuit was only "to remand the case to the District Court for a hearing on the sufficiency of the complaint," id., "not an appeal of a final order on the merits," id. at 3; see id. at 9.

Peek is mistaken. Under Federal Rule of Civil Procedure 41(b), an involuntary dismissal, unless it is for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19," "operates as an adjudication on the merits." In other words, "when a district court grants a Rule 12(b)(6) motion to dismiss for failure to state a claim, that dismissal 'operates as an adjudication on the merits' under Rule 41(b) '[u]nless the dismissal order states otherwise.'" Rollins v. Wackenhut Services, Inc., 703 F.3d 122, 132 (D.C. Cir. 2012) (Kavanaugh, J., concurring) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); see also Hasse v. Sessions, 835 F.2d 902, 906 (D.C. Cir., 1987) (finding that decision on Rule 12(b)(6) motion "presents a ruling on the merits with res judicata effect"). The order in the Virginia action held that "none of plaintiff's claims state[d] a cognizable cause of action or [sought] an appropriate form of relief" and dismissed the case under Rule 12(b)(6) for failure to state a claim. Peek, 2017 WL 3258729, at *4. It therefore operates as an adjudication on the merits for purposes of res judicata.

Plaintiff's final attempt to avoid the preclusive effect of the Virginia action is to point to "new allegations not included in the original complaint" there. Pl.'s Opp'n at 8. Given these additional allegations, Peek argues, "the nucleus of the original allegations and set of facts is broken and not the same." Id. But "[t]he fact that the plaintiff asserts a different legal claim in this case does not preclude application of the res judicata." RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP, 800 F. Supp. 2d 182, 192 (D.D.C. 2011). Rather, "[i]f a claim could have been raised in an earlier action, but was not, that claim is also barred under res judicata." Ying Qing Lu v. Lezell, 919 F. Supp. 2d 1, 4 (D.D.C. 2013) (citing Appalachian Power Co. v. EPA, 251 F.3d 1026, 1033-34, (D.C. Cir. 2001)). Rather than new or different

facts, Peek simply presents new legal theories based on the same facts known to him at the time he filed his complaint in the Virginia action. Any differences are thus insufficient to defeat res judicata.

\* \* \*

Because his case raises claims based on the same facts as in the Virginia action against the same defendants, and because the order dismissing that prior case operates as an adjudication on the merits, Peek's claims against SunTrust Bank are barred by res judicata. Accordingly, the Court will grant SunTrust Bank's motion to dismiss. A separate Order shall accompany this memorandum opinion.[4]

 

CHRISTOPHER R. COOPER
United States District Judge

Date: June 20, 2018

---

[4] Peek also filed a motion to stay the foreclosure action in the Superior Court pending resolution of this suit. In light of the Court's decision on SunTrust Bank's motion to dismiss, this motion to stay is now moot.